FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 2 6 2008

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WETHERBEE | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO. |
| The Southern Company & Southern Nuclear Operating Company, Inc., | : **1 08-CV-2138 TWT** |
| Defendants. | : |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, JOHN WETHERBEE, Plaintiff herein, and brings this Complaint for damages and injunctive relief against Defendants, showing the Court the following:

### Jurisdiction

1.

This is an action brought under the provisions of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. seq., hereinafter "the ADA." Subject matter jurisdiction of this action is conferred upon this Court by the Act and 28 U.S.C. § 1331.

## Venue

2.

Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in Georgia and Defendants conduct business in this district and division.

## Administrative Prerequisites

3.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the actions complained of herein. This action is filed within 90 days of receipt of the EEOC right to sue letter.

## The Parties

4.

John Wetherbee, (hereinafter "Plaintiff") was at all times herein a citizen and resident of the United States and entitled to bring actions of this kind and nature.

5.

Defendant, The Southern Company, is a foreign corporation organized and existing under the laws of the State of Delaware. Defendant is authorized and is doing

business in the State of Georgia, and is therefore subject to the jurisdiction of this Court. Defendant, Southern Nuclear Operating Company is a wholly owned subsidiary of The Southern Company. Defendant is authorized and is doing business in the State of Georgia, and is therefore subject to the jurisdiction of this Court. Defendants may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## FACTS

6.

On November 15, 2006 Mr. Wetherbee applied for a position as a Senior Engineer with Defendants.

7.

Mr. Wetherbee was given a conditional offer of the job on January 25, 2007 and accepted the offer that day.

8.

After undergoing physical examination clearances Plaintiff was cleared by all the examining medical personnel for the position.

9.

Despite being cleared by the examining medical personnel, Defendants

rescinded the job offer on April 27, 2007, because they regarded Mr. Wetherbee as disabled.

## COUNT I

## VIOLATION OF THE ADA: DISCRIMINATION BASED ON BEING REGARDED AS AN INDIVIDUAL WITH A DISABILITY

10.

The allegations set forth in the preceding paragraphs of this complaint are re-alleged and incorporated herein by reference.

11.

Defendants regarded Mr. Wetherbee as disabled when Defendants rescinded their offer of employment to him.

12.

As a direct and proximate result of Defendants' unlawful actions, Mr. Wetherbee suffered economic loss, and pain and suffering.

13.

Defendants' actions were conducted with malice and/or reckless indifference to Plaintiff's federally protected rights, thereby entitling Mr. Wetherbee to an award of compensatory and punitive damages in an amount to be determined by the enlightened

conscience of a jury.

**WHEREFORE, Plaintiff prays:**

a.    that the Court enjoin Defendants from engaging in unlawful employment practices in violation of the ADA in the future;

b.    that the Court instate Plaintiff to a position with Defendants with full restoration of all rights, seniority, and benefits or alternatively, award Plaintiff an appropriate amount in back pay;

c.    that the Court award Plaintiff the value of lost fringe benefits, front pay and prejudgment interest, less mitigated damages since the date of the rescinded offer;

d.    that the Court award Plaintiff his reasonable attorney's fees, expert witness fees, and costs of litigation;

e.    that the Court award Plaintiff other allowable compensatory damages under ADA;

f.    for punitive damages in an amount to be determined by the enlightened conscience of the jury;

g.    that the Court retain jurisdiction over Defendants to ensure they are complying with the law for a period of five (5) years; and

h.    all other relief this Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL JURY ISSUES

Respectfully submitted this 26th day of June, 2008.

*/s/ Jack Rosenberg*
Jack Rosenberg
State Bar No. 614475
Attorney for Plaintiff
Suite 1150
3355 Lenox Road
Atlanta, Georgia  30326
tel-404-264-9100
fax-404-264-9102
jackrosenberg2@gmail.com