IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WETHERBEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:08-CV-2138 |
| Southern Nuclear Operating ) | |
| Company, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

COMES NOW Plaintiff John Wetherbee and submits his response in opposition to Defendant's Motion to Compel Discovery. For the reasons stated herein, Defendant's motion should be denied.

## INTRODUCTION

Defendant's Motion to Compel was largely unnecessary and a needless waste of the Court's and the Parties' resources. The timing of Defendant's motion shows that it is simply an attempt to complicate and prolong this matter through unnecessary collateral litigation. Rather than allowing Plaintiff a reasonable time to provide additional discovery, Defendant has rushed into this motion just three business days after Plaintiff had agreed to comply with most of its demands that are now subject to

1

this motion.[1]

This entire matter could have, and should have, been resolved by Defendant simply not "jumping the gun" and escalating this matter to a full-blown motion to compel when it should have remained an easily resolved discovery dispute. As is set out below, Plaintiff has been, and continues to be, agreeable to providing much of the discovery that is subject to the motion to compel.

## ARGUMENT

A. **Plaintiff's Discovery Responses Were Timely Under the Parties' Extension Agreement.**

Plaintiff is confused by Defendant's argument that his discovery responses were untimely. The parties specifically discussed mutual extensions of time for discovery responses and Plaintiff complied with the agreed to deadline of March 20, 2009. Emails between counsel show this. On March 2, 2009, Defense counsel wrote to Plaintiff's counsel asking for an extension and offering a similar extension to Plaintiff:

> We calendar our responses as currently due on Monday, March 9, so we would request an extension up to and including Friday, March 17. Of course, if needed, **we are willing to grant a similar extension for your client's responses**, which we calendar as being due this Friday, March 6.

(Email dated March 2, 2009, attached as Exhibit 1 hereto; emphasis added.) Then the

---

[1] On Friday, April 10, Defendant demanded that Plaintiff provide further discovery by the next business day, April 13. Plaintiff's counsel agrees to do so as soon as possible. Just three business days later, and without further conferring with Plaintiff's

2

following day, defense counsel stated:

> I was looking at an April calendar when I drafted my e-mail below. If possible, we would like an extension through **Friday, March 20** to get you our discovery responses and documents. I apologize for the error.

(Email dated March 3, 2009, attached as Exhibit 2 hereto; emphasis added.)

Indeed, in Defense Counsel's March 30 letter regarding discovery, he concedes that Defendant had agreed to the mutual extensions. (Exhibit C to Defendant's Motion.) Plaintiff complied with this and served his responses on March 20.

Incredibly, Defendant now claims that Plaintiff has waived all objections. Given Defendant's specific statements and assurances regarding the agreed to extension, this argument cannot be made in good faith and Plaintiff urges the Court to reject it.

### B. <u>Medical Issues. (Production Request No. 8 and Interrogatory No. 1).</u>

Plaintiff does not dispute that given the issues of this case, discovery regarding his medical condition and history is proper. Although Plaintiff did raise several objections to the wide-ranging medical discovery sought in Defendant's Interrogatories and Requests for Production, he largely agreed to provide for such discovery.

Further, Plaintiff agreed long ago to provide Defendant with all requested

---

counsel, Defendant filed its motion to compel.

medical authorizations. Defendant indicated that they would bring the original releases to Plaintiff's deposition on April 6 for execution at that time, a proposal to which Plaintiff agreed. However, Defense counsel failed to bring the releases to the deposition. Instead of consulting further with Plaintiff's counsel or waiting a few extra days, Defendant rushed to file the present motion. This entire issue would have long ago been resolved had Defendant remembered to bring its releases to Plaintiff's deposition as it had indicated it would. Defendant's attempt to paint Plaintiff as somehow standing in the way of its discovery efforts is simply untrue. Again, there is no reason for a motion to compel on this issue – Plaintiff has not resisted this discovery and has agreed to provide the requested releases.

### C.   Tax Returns. (Document Request No. 3).

Plaintiff, of course, agrees that Defendant may inquire into his efforts to mitigate damages, but disagrees with its assertion that this necessarily opens the door to discovery of the entirety of his tax filings with the federal and state governments. Plaintiff's resistance to such wide ranging discovery is substantially justified given the state of the law on this issue. Defendant's primary case, Maddow v. Proctor & Gamble, 107 F.3d 846 (11th Cir. 1997), *does not* stand for the proposition advanced by Defendant that tax records are *per se* discoverable in discrimination cases where back pay is sought. The court simply found that the trial court had not abused its discretion

in ordering such discovery under the circumstances of that case.  Further, and importantly, the Eleventh Circuit found that the plaintiffs in that case were justified in initially refusing such discovery:

> Here, the plaintiffs were substantially justified in …. relying on out-of-circuit district court caselaw, where there was no in-circuit caselaw, regarding the tax form issue.…Lemanik v. McKinley Allsopp, Inc., 125 F.R.D. 602, 609 (S.D.N.Y.1989) (there is a public policy of confidentiality of tax returns; to require discovery, a party must establish relevancy and the court must find a compelling need for the returns because the information is not otherwise obtainable); Biliske v. American Live Stock Inc., 73 F.R.D. 124, 126 n. 1 (W.D.Okla.1977) (public policy against unnecessary disclosure of tax returns).

Id. at 853.  The cases relied upon by the 11th Circuit in Maddow in finding Plaintiff's justification for resisting this discovery follow from the original 1964 case finding a qualified privilege for tax information, Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964), which numerous courts have since adopted.  Given this, it is clear that Maddow on one hand does not mandate the application of the Cooper standard, but on the other found that a party facing discovery is not out of line in relying upon it.

Finally, in an effort to resolve this issue, Plaintiff agrees to provide the requested tax information.

**D.    Plaintiff's Income and Earnings. (Interrogatory No. 9; Document Request No. 2).**

Plaintiff has already agreed to provide full information regarding his income

5

from employment during the actionable period in this case. This, together with his agreement to provide access to tax records, certainly obviates the need to Defendant's motion to compel on this subject.

With respect to unemployment compensation and pension benefits from prior employers, such collateral sources have no bearing on backpay damages and thus are completely irrelevant and not subject to discovery. The majority view has long been that unemployment benefits do not offset a backpay award. See Salcer et al. v. Envicon Equities Corp., 744 F.2d 935, 941-942 (2d Cir.1984) (employment compensation is a source of funds independent of the transaction giving rise to the claim and thus is collateral.); Collins v. Robinson, 568 F.Supp. 1464, 1471 (E.D.Ark.1983) (unemployment compensation payments are clearly collateral; they may not be offset in favor of a tortfeasor), affirmed on other grounds, 734 F.2d 1321 (8th Cir.1984). Under the collateral source rule, the same certainly is true with respect to Plaintiff's pension benefits from previous employers, which also have no connection to the wrongs alleged in this lawsuit.

Again, while Plaintiff's objections on this matter certainly are reasonable and justified, any dispute is eliminated by Plaintiff's agreement to allow access to his tax records, which should provide such information above and beyond what Plaintiff has been able to provided based on his personal recollection.

### E.     Plaintiff's Fee Agreement With Counsel. (Interrogatory No. 16).

As with the issue of tax records above, Maddow does not stand for the bright line rule requiring discovery regarding attorneys fees for which Defendant argues. There, the Eleventh Circuit held that the trial court had not abused its discretion in requiring discovery regarding a plaintiff's fees, but simultaneously found that the plaintiff was justified in objecting to that discovery. 107 F.3d at 853.

Discovery regarding fee arrangements at this stage is, at best, premature since the issue of fees does not arise until the post-trial stage when judgment has been entered for one party or the other.  Further, even then, Plaintiff's fee arrangement with counsel is not relevant to the question of what a reasonable fee is under the fee shifting provisions of the civil rights statutes. See Blanchard v. Bergeron, 489 U.S. 87, 93, 109 S.Ct. 939, 944, 103 L.Ed.2d 67 (1989) (evidence of specific details of contingency fee arrangement is not necessary for a court to calculate reasonable attorney's fees; it is at most one factor); and City of Burlington v. Dague, 505 U.S. 557, 565, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992) (contingency fee is not grounds for a fee enhancement.)  Once judgment is entered for Plaintiff and against Defendant, objectively reasonable fees are to be determined based upon the factors established by the Courts, not based on Plaintiff's fee agreement with counsel. E.g., Farrar v. Hobby, 506 U.S. 103, 111 (1992); Hensley v. Eckerhart, 461 U.S. 424, 433

(1983); Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1291 (11th Cir. 1988); Mills v. Freeman, 118 F.3d 727, 734-35 (11th Cir. 1997).

Further, Plaintiff notes that Defendant also seeks recovery of its costs, including attorneys' fees. (Answer, Doc. 6). If Plaintiff is required to disclose his fee arrangements with counsel during pre-trial discovery, then certainly Defendant should be agreeable to providing the same information regarding its relationship with counsel. Even absent such a claim by defendant, this information will be relevant to the question of what a reasonable rate is for the applicable market per Norman, supra.

The most logical resolution to this issue is that the parties reserve discovery on this topic until post-judgment. Only then will information regarding fee agreements be relevant to this action, albeit only marginally so. Prior to that point, Plaintiff submits that the court should not allow pre-trial discovery to invade the attorney-client relationships of the respective parties.

F.     **Plaintiff has Never Refused to Provide Documents to Defendant.**

In its motion, Defendant also complains that Plaintiff has failed to provide the documents Plaintiff has agreed to produce in response to its Requests for Production. Defendant's complaint seems to be that, instead of instantly producing documents, Plaintiff's has agreed to provide that responsive documents at a mutually agreeable time and place. This is a universal practice that is expressly prescribed by the Federal

Rules of Civil Procedure. See Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."). The time and place of production should have been a matter of amicable discussion for the parties, not instantaneous production upon demand. See 7 Moore's Federal Practice 3d §34.14[3] (3d ed. 2000) ("After the requesting party makes its specification as to [the time, place, and manner for inspection], and the party to whom the request is directed makes its response, the timing, location, and manner of production can be discussed between the parties.") Again, Plaintiff has never refused to provide documents for inspection and copying to Defendant on reasonable terms and would have provided these documents to Defendant some time ago but for having to defend against this unwarranted motion to compel.

**F.      Defendant is Not Entitled to Its Fees for Bringing this Motion.**

As set out above, Plaintiff has substantial basis for its objections to discovery on the matters at issue in Defendant's motion to compel. This is not a situation where Plaintiff has simply refused to provided relevant discovery. To the contrary, Plaintiff has attempted to be completely reasonable throughout discovery.

With respect to the medical issues, Plaintiff has never taken the position that Defendant is not entitled to substantial discovery regarding his medical history. The

fact that it does not have everything in hand that it desires is a factor of its own failure to timely provide Plaintiff with medical authorizations at his deposition and its questionable decision to rush into litigation of this motion to compel rather than allow plaintiff a short time to provide the requested documents. In fact, Defendant already has the vast majority of this information by virtue of the thorough medical examination and background check it considered Plaintiff for employment.

With respect to the other issues raised in this motion, there is caselaw supporting Plaintiff's objections to providing information and documents regarding his tax records, and income from collateral sources and attorneys' fees. His position as to all of those is substantially justified and the punitive measure of imposing attorneys' fees under Fed. R. Civ. P. 37 is not appropriate. Moreover, Plaintiff has agreed to provide most of the requested discovery. Had Defendant taken the trouble to consult with Plaintiff's counsel, rather than filing this motion just three business days after issuing its ultimatum, the matter would have long ago been resolved without the Court's intervention. In short, this motion to compel was unnecessary and attorneys' fees certainly cannot be assessed against Plaintiff regardless of the outcome of this motion.

This 14th day of May, 2009.

                                                s/Jack Rosenberg
                                                State Bar No. 614475

        Suite 380, One Overton Park
        3625 Cumberland Boulevard
        Atlanta, Georgia 30339
        tel-770-984-7155,fax-770-984-7156
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WETHERBEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:08-CV-2138 |
| Southern Nuclear Operating ) | |
| Company, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing was electronically filed with the CM/ECF system which will automatically send e-mail notification to the following attorneys of record:

Matthew R. Almand
Ashley Zeiler Hager
Troutman Sanders, LLP-ATL
Suite 5200, Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
matt.almand@troutmansanders.com,  ashley.hager@troutmansanders.com

I hereby certify that the foregoing was prepared in accordance with LR 5.1(B).  It is presented in Times New Roman, 14 pitch.

This 14th day of May, 2009.

s/Jack Rosenberg
State Bar No. 614475