IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WETHERBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:08-CV-2138 |
| Southern Nuclear Operating ) | |
| Company, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR ATTORNEY'S FEES**

COMES NOW, PLAINTIFF in the above-styled civil action, and shows the Court why it should deny Defendant's Motion in its entirety.

**INTRODUCTION**

Defendant's Motion to Compel was completely unnecessary and a needless waste of the Court's and the Parties' resources. Defendant's motion is now moot as Defendant's discovery requests have been responded to in their entirety in precisely the time promised.

The timing of Defendant's motion shows that it is simply an attempt to complicate and prolong this matter through unnecessary collateral litigation.

All requested documents, which consisted of only a few documents remaining were provided, as promised to counsel on June 11th.

Counsel was advised at the depo on June 5th that Mr. Wetherbee was to have brought the documents with him from Augusta that morning when he drove over. However, Mr. Wetherbee in leaving Augusta at 4:30 a.m. to reach Atlanta and then to drive over to Birmingham with his counsel, simply forget the documents.

Counsel for Defendant was advised that Mr. Wetherbee would mail the documents to the undersigned and that they would be provided to them immediately. The mailed documents were received by Counsel by mail on June 11th and were immediately sent to Defendant's counsel.

Rather than allowing Plaintiff a reasonable time to provide the few additional discovery documents, Defendant has rushed into this motion just three business days after Plaintiff had agreed to comply with the most trivial of its demands that are now subject to this motion. This included the name of a doctor that Mr. Wetherbee actually remembered, for the first time, at the depo on June 5th, and in which he pledged to provide further information.

This entire matter could have, and should have, been resolved by Defendant simply not "jumping the gun" and escalating this matter to a full-

blown motion to compel when it should have remained an easily resolved discovery matter. As is set out below, Plaintiff completely provided the discovery that is subject to the motion to compel. Defendant's counsel is simply trying to multiply these proceedings.

### **Defendant is Not Entitled to Its Fees for Bringing this Motion.**

As set out above, Plaintiff provided all responsive discoverable documents to Defendant. This is not a situation where Plaintiff has simply refused to provide relevant discovery. To the contrary, Plaintiff has attempted to be completely reasonable throughout discovery.

Moreover, Plaintiff has provided the entire requested discovery, but apparently Defendant's counsel couldn't wait a reasonable time for mail delivery. Had Defendant taken the trouble to consult with Plaintiff's counsel, rather than filing this motion just three business days after being told that they would receive them, the matter would have long ago been resolved without the Court's intervention. In short, this motion to compel was unnecessary and attorneys' fees certainly cannot be assessed against Plaintiff regardless of the outcome of this motion.

This 12th day of July, 2009.

s/Jack Rosenberg

- 4 -

State Bar No. 614475

Suite 380, One Overton Park
3625 Cumberland Boulevard
Atlanta, Georgia 30339
tel-770-984-7155,fax-770-984-7156
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN WETHERBEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO. |
| ) | 1:08-CV-2138 |
| Southern Nuclear Operating ) | |
| Company, Inc. ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing was electronically filed with the CM/ECF system which will automatically send e-mail notification to the following attorneys of record:

Matthew R. Almand
Ashley Zeiler Hager
Troutman Sanders, LLP-ATL
Suite 5200, Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
matt.almand@troutmansanders.com, ashley.hager@troutmansanders.com

I hereby certify that the foregoing was prepared in accordance with LR 5.1(B). It is presented in Times New Roman, 14 pitch.

This 12th day of July, 2009.

**s/Jack Rosenberg**
State Bar No. 614475

- 5 -